UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER,

        Plaintiff,

v.

ROY GONZALEZ et al,

        Defendants.

CASE NO. 3:17-CV-05407-RBL-JRC

ORDER TO SHOW CAUSE

Plaintiff has filed an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint. Dkts. 1, 3. In his 262-page proposed complaint, plaintiff alleges that defendants have violated his Eighth Amendment rights by allowing other inmates to access plaintiff's previous criminal cases on the law library computers. Dkt. 1-1. Plaintiff also contends that his religious beliefs have been infringed upon by the Department of Corrections "no personal computer" policy. *Id.*

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is

under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff concedes that he has filed three or more cases that have been dismissed as frivolous or for failure to state a claim. Dkt. 1-1 at 6. In addition, a review of court records from this District shows that at least three of the cases that plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim.

The first strike occurred in *Entler v. Vail,* Case No. 08-5695, and plaintiff's case was dismissed for failure to state a claim with the direction that the dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). *See* Dkts. 15, 18, 25 in Case No. 08-5695. The second strike occurred in *Entler v. Van Deren, et al.,* Case No. 10-5309, where the Ninth Circuit found his appeal frivolous. *See* Dkt. 11 in Case No. 10-5309. The third strike occurred in *Entler v. McKenna,* Case No. 11-5081, and plaintiff's case was dismissed for failure to state a claim. *See* Dkts. 18, 28 in Case No. 11-5081. *See also Entler v. Gregoire et al.,* Case no. 12-5141 (E.D. Wash.) at Dkts. 25 (finding plaintiff had three-strikes and granting defendants' motion to revoke plaintiff's *in forma pauperis* status). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (This court may take notice of judicial proceedings in another court.).

Thus, plaintiff may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on May 23, 2017. *See* 28 U.S.C. § 1915(g). "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plausible allegation that the prisoner faced "imminent danger of serious physical injury" will

satisfy this requirement. *Id.* at 1056 (inmate alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim).

In his complaint, plaintiff alleges that defendants have harmed him because the prison law library computers contain unpublished opinions related to plaintiff's criminal history. Dkt. 1-1 at 6. Plaintiff contends that defendants know that other prisoners will use this information to target plaintiff. *Id.* Plaintiff also alleges that his inability to possess a personal computer infringes on his religious beliefs. *Id.* However, plaintiff makes no allegation that he was under "imminent danger of serious physical injury," at the time he filed his complaint, *see Andrews v. Cervantes*, 493 F.3d at 1053. The allegations raised in plaintiff's proposed complaint allege nothing more than the fact that defendants permit other inmates to access public information on the law library computers. Defendants, both Department of Corrections employees, do not have control over the dissemination of such public information, and plaintiff has not alleged any facts showing how defendants have acted to place in imminent danger of harm or failed to protect him from imminent danger of harm. Nor has plaintiff alleged any facts showing how the "no personal computer" policy results in any particular and continuing injury or threat of harm.

In response to this Order, plaintiff should plead specific facts, if any, related to his particular and continuing injury, and facts related to whether or not defendants knew of the particular harm and failed to address the harm. If he is able to allege such facts, then he may qualify for § 1915(g)'s exception to the three-strikes bar. *See Austin v. Manuma,* 2012 WL 1435690, at *2 (D. Haw. Apr. 25, 2012).

Therefore, IT IS ORDERED that plaintiff shall show cause by July 14, 2017 why his application to proceed *in forma pauperis* should not be denied. Failure to do so will be construed

1 | as plaintiff's consent to dismissal of this action without prejudice for failure to comply with the
2 | filing fee requirements of 28 U.S.C. §§ 1914 and 1915.
3 | In the alternative, plaintiff may pay the $400.00 filing fee for this action by July 14, 2017,
4 | 2016. Plaintiff is advised that if he elects to pay the $400.00 filing fee and proceed with this
5 | action, the Court will address the deficiencies of his complaint in a separate order.
6 | Dated this 30th day of June, 2017.

J. Richard Creatura
United States Magistrate Judge