UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER,

        Plaintiff,

v.

ROY GONZALEZ, et al.,

        Defendants.

CASE NO. 3:17-CV-05407-RBL-JRC

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed a voluntary motion to dismiss his RLUIPA claim against defendant Belinda D. Stewart. Dkt. 6. Attached to this motion, plaintiff included an amended complaint. Dkt. 6-1. The amended complaint contains facts that demonstrate plaintiff was under threat of imminent harm at the time of his filing. The Court therefore grants plaintiff's motion to proceed *in forma pauperis*.

## DISCUSSION

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be

precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As noted in the Court's previous order to show cause, plaintiff has three cases that have been dismissed as frivolous or dismissed for failure to state a claim. Dkt. 5 at 2. Thus, plaintiff may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on May 23, 2017. *See* 28 U.S.C. § 1915(g). "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plausible allegation that the prisoner faced "imminent danger of serious physical injury" will satisfy this requirement. *Id.* at 1056 (inmate alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim).

Plaintiff alleged in his original complaint that defendants had installed a new version of Lexis Nexis that allowed other prisoners to see his previous convictions. Dkt. 1-1. He stated that, because of this access, other prisoners could threaten him with violence based on his prior convictions. *Id*. He did not specifically state what harm he had been threatened with or who had threatened him with harm. *Id*. The Court asked plaintiff to plead specific facts, if any, related to his particular and continuing injury, and facts related to whether or not defendants knew of the particular harm and failed to address the harm in order to qualify for § 1915(g)'s exception to the three-strikes bar. Dkt. 5; *see Austin v. Manuma,* 2012 WL 1435690, at *2 (D. Haw. Apr. 25, 2012).

On July 11, 2017, plaintiff filed a motion to voluntarily dismiss one of his claims and attached an amended complaint. Dkt. 6. In his amended complaint, plaintiff alleges that since defendants installed the new Lexis Nexis system, he "has received numerous threats that he needs to be assaulted, raped, and/or murdered just like his victim was, because of his crimes, and specifically by inmate Keith Brian Colberg #911134, who got Mr. Entler's criminal information off the Law Library Computer. He alleges that inmate Colberg was trying to get other prisoners to assault or rape Mr. Entler because of his crimes. Another inmate that currently (at the time of filing of this complaint), lives below Mr. Entler in Rainier B-207 (Mr. Entler does not know his name), screams at Mr. Entler that he will "kick Mr. Entler's ass, or kill him, for looking into his cell, because Mr. Entler is a rapist." Dkt. 6-1 at 4-5. He also alleges that "despite Defendant Warner and Gonzalez's knowledge of what other prisoners will do to Mr. Entler because of his criminal information, Defendant Warner and Gonzalez are deliberately indifferent to Mr. Entler's safety, and are failing to protect Mr. Entler within the Department of Corrections (DOC)." *Id*. at 4.

"[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plausible allegation that the prisoner faced "imminent danger of serious physical injury" will satisfy this requirement. *Id.* at 1056 (inmate alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim).

The Court, having reviewed plaintiff's response to the show cause order and application to proceed *in forma pauperis*, hereby finds and ORDERS as follows:

1       (1)      Plaintiff's declaration indicates that he is unable to afford the Court's filing fee or give security therefore. Accordingly, plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is GRANTED. As set forth below, an initial partial filing fee will be collected, and plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied.

      (2)      Pursuant to 28 U.S.C. § 1915, and plaintiff's approved application to proceed *in forma pauperis*, the agency having custody of the above-named plaintiff is directed to calculate an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the date of this Order. The initial partial filing fee should be forwarded to the Clerk of Court as soon as practicable.

Subsequently, if the prisoner's account exceeds $10.00, each month the agency having custody of the prisoner is directed to collect and forward payments equal to 20 percent of the prisoner's preceding month's income credited to the prisoner's account. In the event that the monthly payment would reduce the prisoner's account below $10.00, the agency should collect and forward only that amount which would reduce the prisoner's account to the $10.00 level. Please note that this $10.00 limit does not apply to the initial partial filing fee described above. Finally, the monthly payments should be collected and forwarded to the Court until the entire filing fee ($350.00) for this matter has been paid.

      (3)      The Clerk is directed to send a copy of this Order to plaintiff, to the financial officer of this Court, and to the agency having custody of plaintiff.

      (4)      The Court directs the Clerk to docket the proposed amended complaint (Dkt. 6-1) as the amended complaint. Because the amended complaint does not contain any allegations

1 | against defendant Belinda Stewart or a RLUIPA claim, the Court denies plaintiff's motion to
2 | voluntarily dismiss the RLUPIA claim (Dkt. 6) as moot.

Dated this 24th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge