UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

John Thomas Entler,           )
            Plaintiff,        )       NO:    17-cv-05407-RBL-JRC
                              )       PLAINTIFF'S FRIST AMENDED COMPLAINT
    vs.                       )       CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C.
                              )       §1983 DECLARTIORY AND INJUNCTIVE
Banard Warner, and Roy        )       RELIEF 28 U.S.C. §§ 2201 - 2202
Gonzalez, et al.,             )
            Defendants.       )

## I. INTRODUCTION.

1.1 COMES NOW, John Thomas Entler, Plaintiff in the above-entitled matter, and submits this Amended Complaint under 42 U.S.C. §1983 and 28 U.S.C. §§ 2201 - 2202 (Declaratpry and Injunctive Relief), against Prison Officials.

## II JURISDICTION & VENUE

2.1 The above-entitled court has Jurisdiction over the claims presented herein Under 42 U.S.C. §1983; 28 U.S.C. §1343; 28 U.S.C. §§2201 - 2202, because under 28 U.S.C. §1391(b) the named Defendants who made the decisions under review, reside in the Western District of Washington, and the decisions made by the Defendants in this matter were made at the Department of Corrections Headquarter in Olympia Washington, which is in the Western District of Washington Tacoma.

First Amended Complaint

Page 1 of 7

5.3 In general, Defendant Warner and Gonzalez know of the need to closely scrutinize the public information prisoners are allowed to have access to, so that at prison facilities, prisoners do not have the ability to undermine prison security, safety, and discipline regulations. See Livingston v. Cedeno, 164 Wn.2d 46, 51-53, ¶¶ 7-13, 186 P.3d 1055, 1057-1058 ¶¶ 7-13 (2007).

5.4 Prisoners are not allowed to have "REAL TIME" access to public information because of the need for prison security, safety, and discipline within the Department of Corrections facilities. Livingston, 164 Wn.2d at 51-53 ¶¶ 7-13.

5.5 Defendants Warner and Gonzalez have control over the dissemination of public information that the Department of Corrections provides within the Washington State Prison system. See Livingston, 164 Wn.2d., at 51-53 ¶¶ 7-13.

5.6 The Lexis Nexis System that Defendant Warner and Gonzalez provides public information to other prisoners, through the prison law libraries, are the criminal cases of other prisoners who's convictions are such as rape, child molestation, and other similar crimes committed against children.

5.7 Defendant Warner and Gonzalez's Lexis Nexis System provides both "unpublished" and "published" cases, involving rape, child molestation, and other similar crimes against children.

5.8 All of Mr.Entler's cases discussing his criminal convictions are unpublished cases, which were not accessible to prisoners on the prior West Law System that Defendant Warner had installed.

5.9 In General, Defendant Warner and Gonzalez know of the need to protect Mr.Entler because of the nature of his crimes, before installing the Lexis Nexis System. Livingston, 164 Wn.2d at 51-53 ¶¶ 7-13. When WSP installed it's prior West Law System, Mr.Entler inquired if his criminal information would be on the system, and was ensured that it would not.

First Amended Complaint

Page 3 of 7

### III. PREVIOUS LAW SUITS.

3.1 Mr.Entler concedes that he has three strikes under 28 U.S.C. §1915(g), as that statute is currently construed. ECF #5. See also Entler v. Gregiore, et. al., Dist. Ct. Est. Wash., No. cv-12-5141-JPH, at Dkt. #25. However, Mr.Entler seeks IFP status under 28 U.S.C. §1915(g)'s "imminent danger of serious physical injury," because Defendant Bernard Warner and Roy Gonzalez are currently disclosing Mr.Entler's current criminal information to other prisoners on the "Prison Law Library Computers," at the time of filing this complaint, and Defendant Mr.Warner and Mr.Gonzalez know that other prisoners will use Mr.Entler's current criminal information to target him for rapes and assaults. See Claim No. 1 below.

### IV. PARTIES.

4.1 PLAINTIFF: John Thomas Entler, is currently confined at the Washington State Penitentiary, 1313 N. 13th Ave., Walla Walla, Wa, 99362.

4.2 DEFENDANTS: Banard Warner (Former Secretary of DOC), last known address is, and, Roy Gonzalez (DOC Manager), address is: 7345 Linderson Way S.W., Tumwater, Wa. 98501.

### V. FACTS RELATED TO COMPLAINT.

A. Facts Related To Claim No. 1:

5.1 On December 17, 2015, Defendant Warner approved a Lexis Nexis Computer System to be put into the South Complex Law Library, that has approximately 25 personal computers, at the Washington State Penitentiary (WSP).

5.2 The Lexis Nexis System, that Defendant Warner approved to be put in, is a "CLOSED CIRCUIT" system, that was designed to limit the PUBLIC INFORMATION that prisoners are allowed to have access to, to ensure prison safety and security.

5.3 I

First Amended Complaint

Page 2 of 7

5.10 Defendant Warner and Gonzalez know that other prisoners will use the public information in ¶¶5.6--5.7 above, to target prisoners, such as Mr.Entler, with rapes, assaults, as well as to coerce prisoners into fights, yet Defendant Warner, approved of, and had installed, a computer system that allows other prisoners to have access to the public information contained in ¶¶5.6--5.7 above, that threatens Mr.Entler's safety.

5.11 AGAIN, Mr.Entler asks the court to take "JUDICIAL NOTICE," (see U.S. ex rel. Robinson Rancheria Citizens Counsil v. Borneo, Inc., 971 F.2d 244, 248 (9th cir. 1992)), of Defendant Roy Gonzalez's declaration in Entler v. U.S. Dist. Ct. Est Wash. No. 16-cv-05124-TOR, at ECF #1 (at Exhibit 2, at p. 3,¶5; Exhibit 3, at pp. 1-2 (Part B Level III Response)), which establishes Defendant Gonzalez's and Warner's prior knowledge of the need to limit the public information prisoners are allowed to have access to, and what prisoners will do with such public information as out lined in ¶¶5.6--5.7 above, and which also establish Defendant Warner and Gonzalez's prior knowledge of such risks as a result of allowing other prisoners access to such public information.

5.12 Defendant Gonzalez admits in his grievance response that Headquarters, where he is and works, has the authority to remove the public information that subjects Mr.Entler to rapes and assualt by other prisoners, yet Defendant Warner and Gonvalez continue with the practice of allowing prisoners access to public information that has injured others similarly situated as Mr.Entler, in the past, and refuses to remove Mr.Entler's criminal information from the Lexis Nexis System.

5.13 Dispite the risk as out-lined in ¶¶ 5.1 -- 5.12 above, and despite Defendant Warner and Gonzalez's knowledge of what other prisoners will do to Mr.Entler because of his criminal information, Defendant Warner and Gonzalez are deliberately indifferent to Mr.Entler's safety, and are failing to protect Mr.Entler within the Department of Corrections (DOC).

5.14 Since installing the Lexis Nexis System, Mr.Entler has received numerous threats by other prisoners that he needs to be assaulted, raped,

First Amended Complaint

and/or murdered just like his victim was, because of his crimes, and specifically by inmate Keith Brian Colberg DOC #911134, who got Mr.Entler's criminal information off the Law Library Computer, and going around trying to get other prisoners to assault or rape Mr.Entler beccause of his crimes. Another inmate that currently (at the time of filing this complaint), lives below Mr.Entler in Rainier B-207, (Mr.Entler does not know his name), screams at Mr.Entler that he will kick Mr.Entler's ass, or kill him, for looking into his cell, because Mr.Entler is a rapist.

5.15 Defendant Warner could have rejected the Lexis Nexis System altogether, and Defendant Gonzalez currently has the ability to take the necessary steps to have Mr.Entler's criminal information taken off the Lexis Nexis System and/or can take the necessary steps to have the whole Lexis Nexis System removed from all prisons, but Defendant Gonzalez refuses to do either, even after Mr.Entler has both put him on notice of the harm he faces because Defendant Warner and Gonzalez allows other prisoners to have access to Mr.Entler's criminal information, but even after Mr.Entler has exhausted his administrative remedies, when Defendant Roy Gonzalez was a party to such grievance proceedings and could have taken the necessary steps to grant Mr.Entler's request to remove said information.

5.16 Defendant Warner and Gonzalez's actions stated in ¶¶ 5.1--5.15 above, are not reasonable under any circumstances because: (1) their actions constitute a crime under Washington State's Criminal Code RCW 9A.76.150(1) & 9A.76.160(1) (Introduction of Contraband in the 2nd and 3rd degrees); (2) their actions violate DOC's Policies that prohibit prisoners from having access to other prisoners legal, criminal, and public information (see ¶¶ 5.3 - 5.5, and 5.11 above); (3) their actions violate RCW 72.09.530 (Restrictions on Contraband)(relied on in Livingston, 164 Wn.2d at 51-53 ¶¶ 7-13); and (4) no reasonable DOC official would have allowed prisoners access to this public information.

5.17 Defendant Warner and Gonzalez has a duty to protect Mr.Entler under the 8th Amendment because of a "special relationship" exists, and Defendant Warner and Gonzalez has engaged in conduct contrary to that special

First Amended Complaint

Page 5 of 7

relationship. See Also RCW 9.92.110 (Convicts Protected); State v. Morback, 22 Wn. App. 404, 405-06 & n.1, 589 P.2d 823-825 & n.1 (1979) (An inmate in a penal institution is, of course, under the protection of the law. RCW 9.92.110).

5.18 Defendant Warner and Gonzalez are subjecting Mr.Entler to "imminent danger of serious physical injury," which is not only "imminently hanging threateningly over Mr.Entler's head" at the time of filing this complaint, but at the same time that Mr.Entler is filing this amended complaint.

B. Relief Requested.

5.19 Mr.Entler requests: (1) punitive, nominal, and compensary damages, (2) a declaration that Defendant Warner, and Gonzalez acted with deliberate indifference to the serious protection needs of Mr.Entler, (3) a declaration that Defendant Warner and Gonzalez's actions and/or omissions, taken under color of law, have violated and continue to violate Mr.Entler's 8th Amendment rights, and (4) Mr.Entler requests an injunction prohibiting Defendants from disclosing Mr.Entler's curerent criminal information to other prisoners.

5.20 Mr.Entler requests an exception under 28 U.S.C. §1915(g) under Andrews v Cervantes, 493 F.3d 1047, 1054-1057 (9th cir. 2009); Williams v. Paramo, 775 F.3d 1182, 1190 (9th cir. 2014).

I declare under the Penalty of perjury under the laws of the United States that the above is true and correct to the best of my personal knowledge, beliefs, and experiences, and after a reasonable investigation of such claims.

Signed this 11th day of July, 2017

Signed: _____
JOHN THOMAS ENTLER, #964471
WASHINGTON STATE PENITENTIARY
1313 N 13TH AVE., RAINIER B-307
WALLA WALLA, WA. 99362

First Amended Complaint

Page 6 of 7

D. Verification.

I declare under the penalty of perjury under the laws of the United States that the above is true and correct to the best of my personal knowledge, beliefs, and experiences, and after a reasonable investigation of such claims.

Signed this 11th day of July, 2017

Signed: *(signature)*
JOHN THOMAS ENTLER, #964471
WASHINGTON STATE PENITENTIARY
1313 N. 13TH AVE., RAINIER B-307
WALLA WALLA WA. 99362

Subscribed to and sworn to be for me this 11th day of July, 2017.

*(signature)*
NOTARY PUBLIC IN AND FOR THE
STATE OF WASHINGTON, RESIDING
AT WALLA WALLA, WASHINGTON
MY COMMISSION EXPIRES:
April 1, 2021.

///
///
///
///
///
///

First Amended Complaint

Page 7 of 7