UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER,

               Plaintiff,

    v.

ROY GONZALEZ, et al.,

               Defendants.

CASE NO. 3:17-cv-05407-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: APRIL 27, 2018

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. Before the Court is plaintiff John Thomas Entler's motion for preliminary injunction. Dkt. 18.

       Plaintiff's motion for preliminary injunction asks the Court to order defendants to remove Lexis Nexis from their prison computers because other inmates have allegedly used the database to discover plaintiff's underlying conviction and have threatened him with violence. However, he has not shown that his case is likely to succeed on the merits or that he will suffer irreparable

1   harm without the injunction. In addition, his second request requiring defendants to use

2   plaintiff's religious name is unrelated to the underlying claims in his complaint. Therefore, the

3   Court recommends denying plaintiff's motion for preliminary injunction.

4                                        **BACKGROUND**

5         Plaintiff is a prisoner serving an exceptional sentence. He initially filed this § 1983

6   complaint in May of 2017. Dkt. 1. In his complaint, he alleges that defendants are providing his

7   fellow inmates with information about his underlying convictions because they installed a

8   version of Lexis Nexis on the prison law library computers, and anybody who uses the

9   computers now has access to his direct appeal and thus the facts of his underlying convictions.

10  Dkt. 8. He claims other inmates have begun making threats against him and that defendants have

11  refused to censor Lexis Nexis to redact his underlying convictions. *Id*. He requests that the Court

12  order defendants either to remove Lexis Nexis completely, or to censor his name such that other

13  inmates can no longer identify him when they are doing legal research. *Id*.

14        After the Court ordered service of the complaint (Dkt. 9) and defendants filed an answer

15  (Dkt. 13), plaintiff filed a motion for preliminary injunction (Dkt. 18). In his motion, he requests

16  that the Court immediately order defendants to censor his name from the Lexis Nexis system and

17  that they order defendants to allow him to use his "religious name" for the remainder of his

18  sentence. Dkt. 18. Defendants filed a response (Dkt. 25), and plaintiff, after asking permission

19  from the Court (Dkt. 26), filed an overlength reply (Dkt. 27).

20                                       **DISCUSSION**

21  **I.      Granting Motion to Supplement**

22        As a preliminary matter, plaintiff has filed a motion to supplement his motion for

23  preliminary injunction, providing two additional attachments he wishes the Court to consider.

24

REPORT AND RECOMMENDATION - 2

1    Dkt. 31. Defendants have not filed opposition to this motion. Therefore, the Court grants

2    plaintiff's motion to supplement and will consider his additional exhibits.

3    **II.        Request for Injunction Limiting Access to Plaintiff's Case in Lexis Nexis**

4            Plaintiff requests that the Court enjoin defendants from providing access to his appeals

5    and personal restraint petitions through the use of Lexis Nexis in the prison law library. A

6    preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.

7    *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations and quotation omitted). Instead, the

8    court must "balance the competing claims of injury and . . . the effect of the granting or

9    withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 376

10   (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). A plaintiff seeking a

11   preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood

12   of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships

13   favoring the plaintiff; and (4) advancement of the public interest. *Id.* (citations omitted). This is

14   an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

15   entitled to such relief." *Id*. at 376. Moreover, Plaintiff must show more than a mere "possibility"

16   of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence

17   of an injunction." *Id*. at 375 (emphasis and citations omitted).

18           Here, plaintiff has not shown that he is entitled to a preliminary injunction. First, plaintiff

19   has not succeeded in showing he is likely to succeed on the merits. In the context of alleged

20   threats of assault by other inmates, plaintiff need not show a physical altercation, but he must

21   show that defendants failed to protect him from something that is "objectively, sufficiently

22   serious." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer v. Brennan*,

23   511 U.S. 825, 834 (1994). Plaintiff has alleged that three prisoners acquired his criminal

24

1   background and began threatening him. Dkt. 18-1 at 16-17. However, in plaintiff's

2   circumstances, this is not an "objectively, sufficiently serious" allegation. As defendants note,

3   one of the prisoners has been moved away from plaintiff for over a year. Dkt. 24 at 4. Another

4   prisoner yelled at plaintiff for looking in his cell, and plaintiff has not shown that his motivation

5   had any relation to plaintiff's underlying convictions. *Id*. In addition, defendants are currently

6   housing plaintiff in protective custody. *Id*. at 2. Because of the nature of plaintiff's housing now

7   and at the time of his filing, plaintiff's alleged injury is speculative at best.

8          Further, plaintiff has also failed to show a likelihood of irreparable injury. Plaintiff

9   requests that the Court order defendants to censor his name from the prison's Lexis Nexis

10  system. However, as defendants properly state, restricting Lexis Nexis would not actually stop

11  other inmates from gaining access to plaintiff's information. Even if defendants did censor the

12  software, plaintiff has not shown how this would stop any alleged threats; prisoners would still

13  have access to his cases through other resources available in the prison law library. In essence,

14  plaintiff cannot show an imminent and irreparable injury that an injunction would remedy

15  because he cannot show that censoring Lexis Nexis would actually alleviate the threats he

16  describes and, as noted above, the threats he describes only amount to speculative, rather than

17  actual, injuries.

18         For these reasons, plaintiff has not established the extraordinary circumstances required

19  for this extraordinary remedy. The Court therefore recommends plaintiff's motion for

20  preliminary injunction be denied.

21  **III.     Request for Injunction to Use Religious Name**

22         Plaintiff also requests that the Court require defendants to accept plaintiff's use of his

23  "religious name" for the remainder of his sentence. In a preliminary injunction, it is appropriate

24

REPORT AND RECOMMENDATION - 4

1    to grant "intermediate relief of the same character as that which may be granted finally." *De*

2    *Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43

3    (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of

4    the same character or the injunction deals with a matter lying wholly outside the issues in the

5    underlying action. *Id*.

6         Here, plaintiff's request is misplaced. As noted above, the purpose of a preliminary

7    injunction is to ensure that irreparable injury is prevented in the underlying claim. Plaintiff has

8    asked that the Court enjoin defendants, requiring them to allow him to use his "religious name"

9    for the remainder of his sentence. This is not part of the relief he requests for the alleged

10   underlying conduct, and thus would not serve to ensure that plaintiff's relief requested in his

11   complaint is more efficiently delivered. Because his request is unrelated to his underlying

12   requested relief, plaintiff's request is improper here.

13        Further, even if his request were proper, plaintiff cannot demonstrate the required

14   extraordinary circumstances for a preliminary injunction for the reasons noted in section II

15   *supra*. Therefore, the Court recommends denying plaintiff's motion (Dkt. 18) insofar as he asks

16   the Court to require defendants to accept the use of plaintiff's "religious name."

17                                     **CONCLUSION**

18        As a preliminary matter, the Court grants plaintiff's motion to supplement (Dkt. 31).

19   However, for the reasons stated above, the Court recommends denying plaintiff's motion for a

20   preliminary injunction (Dkt. 21).

21        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

23   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

24

1   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

2   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

3   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

4   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 27,**

5   **2018**, as noted in the caption.

6        Dated this 3rd day of April, 2018.

7

8   J. Richard Creatura
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24