UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER,

        Plaintiff,

v.

ROY GONZALEZ, et al.,

        Defendants.

CASE NO. 3:17-cv-05407-RBL-JRC

ORDER DENYING MOTION TO COMPEL AND DENYING MOTION TO STRIKE

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR 3 and MJR 4.

Plaintiff John Thomas Entler has filed a motion to compel discovery, attaching a certification stating that he has met and conferred with defendants. However, plaintiff only met and conferred with defendants about two discovery materials and has not yet met or conferred about the remaining eight discovery materials he identified in his motion. Therefore, the motion is denied because it is premature.

# BACKGROUND

Plaintiff originally filed his complaint in May of 2017. Dkt. 1. He alleges that defendants were deliberately indifferent to plaintiff's safety when they installed Lexis Nexis on the prison computers, thereby allowing other prisoners to learn of plaintiff's underlying conviction and allegedly leading to other prisoners harassing and threatening plaintiff. Dkt. 8. He alleges that defendants have further refused to remove Lexis Nexis from the computers or censor his name in the system. *Id*. After the Court ordered service of the complaint and entered a pretrial scheduling order (Dkts. 9, 14), plaintiff filed a motion to compel (Dkt. 21).

In his motion, plaintiff argues that defendants have failed to provide the mandatory initial disclosures required by the Court's mandatory pretrial scheduling order. *Id*. He requests that the Court compel defendants to provide a group of ten allegedly discoverable materials. *Id*. at 3-5. He has also included a certificate stating he met and conferred with defendants to resolve the dispute without success. *Id*. at 11-12.

Defendants responded, stating that plaintiff had not, in fact, met or conferred with defendants. Dkt. 30. They argue that, though plaintiff discussed two discovery issues with defendants' counsel, the discussion did not include the discovery items identified in the motion and therefore the motion is premature. *Id*. Plaintiff filed a reply, alleging that he "illustrated to [defendants' counsel] documents/records [defendants] could have produced, but didn't," and further states that defendants were on notice they were not in compliance with the pretrial scheduling order. Dkt. 32 at 2. Defendants filed a surreply, requesting plaintiff's statement be stricken because it is, "at a minimum, quite misleading." Dkt. 34 at 1. Plaintiff then filed a response to that surreply. Dkt. 36. Because it was filed in violation of local rules (*see* LCR 7), the Court does not consider plaintiff's response to the surreply.

**DISCUSSION**

**I.     Motion to Strike**

Defendants have filed a surreply moving to strike from plaintiff's reply the "assertion that he 'illustrated to [opposing counsel] documents/records [which] could have [been] produced, but [weren't]'." Dkt. 34 at 1 (citing Dkt. 32 at 2, ¶ 2.3). The Court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). When a party moves to strike material contained in a reply brief, a surreply is the appropriate vehicle. LCR 7(g). Here, defendants have not specified whether they think plaintiff's statement is redundant, immaterial, impertinent, or scandalous, but have requested the Court strike plaintiff's statement because the statement is, "at a minimum, quite misleading." Dkt. 34 at 1. The Court declines to strike the material, although it is minimally useful.

The Court agrees with defendants that a general statement that "[defendants] continue to violate the Courts [sic] mandatory discovery order" (Dkt. 35-1 at 2) is not enough to place defendants on notice of specific documents plaintiff believes defendants have failed to produce.

**II.     Motion to Compel**

While a party may apply to the court for an order compelling discovery, the movant must first meet and confer with the party failing to make disclosure or discovery in an effort to resolve the dispute without court action. Fed. R. Civ. P. 37 (a)(1); LCR 37(a)(1). In addition, when filing a motion to compel, the movant must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the party allegedly failing to make disclosure or discovery in an effort to resolve the dispute without court action. LCR 37(a)(1). The certification must list the date, manner, and participants to the

conference. *Id*. If the movant fails to include such a certification, the Court may deny the motion without addressing the merits of the dispute. *See id*.

Plaintiff has filed a certification stating that he and defendants' counsel spoke about their discovery dispute on February 5, 2018. Dkt. 21 at 11-12. However, both parties have also provided evidence that, though the parties met and conferred on February 5, 2018, they only met and conferred about two specific articles of discovery -- not the ten discovery requests contained in plaintiff's motion to compel. *See* Dkts. 21 at 13; 36 at 7; Dkts. 29, 35. Though plaintiff need not meet and confer with defendants' counsel in person, he must meet and confer about the specific discovery requests he believes defendants are not complying with before he files the motion to compel. *See*, *e.g.*, *Moore v. Magat*, No. 140cv003608-HSG (PR), 2015 WL 5611438 at *1 (N.D. Cal. 2015); *Madsen v. Risenhoover*, No. C 09-5457 SBA (PR), 2012 WL 2873836 at *3 (N.D. Cal. 2012) (both noting that defendants must be notified of the specific discovery they are allegedly withholding before plaintiff may file a motion to compel). Moreover, defendants claim that they have now provided the discovery requested in the February 5, 2018 conversation. Dkts. 21 at 3-4; 35 at 2 (providing a contract between the Department of Corrections and Lexis Nexis, and a declaration from defendant Roy Gonzalez regarding a different matter). Though plaintiff has met and conferred about two discovery disputes, the evidence before the Court indicates that he has not met and conferred about the remainder of the discovery identified in his motion to compel. Therefore, the Court denies plaintiff's motion to compel.

//
//
//
//

## CONCLUSIONS

For the reasons stated above, defendants' motion to strike (Dkt. 34) is denied and plaintiff's motion to compel (Dkt. 21) is also denied. The parties still have until May 1, 2018, to file dispositive motions. Dkt. 14.

Dated this 9th day of April, 2018.

J. Richard Creatura
United States Magistrate Judge