UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER,

                Plaintiff,

     v.

ROY GONZALEZ, et al.,

                Defendants.

CASE NO. 3:17-cv-05407-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 13, 2018

     This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

     Plaintiff John Thomas Entler alleges that defendants failed in their duty to protect him from violence from other inmates when they installed a version of Lexis Nexis in the prison law library, allowing prisoners access to unpublished cases and thus to gain information on plaintiff's underlying convictions. He argues that this allowed other prisoners to discover he is incarcerated for a sex offense and threaten him with violence because of the crime. However, plaintiff has not shown that defendants were subjectively deliberately indifferent to a serious threat to plaintiff's

safety when they refused plaintiff's request to remove the Lexis Nexis system. Further, both defendants are subject to qualified immunity. Therefore, the Court recommends granting defendants' motion for summary judgment (Dkt. 42) and dismissing plaintiff's action.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, initially filed this action in May of 2017. Dkt. 1. After the Court entered an order to show cause (Dkt. 5), plaintiff filed a motion to voluntarily dismiss claims against a third defendant and claims rising under RLUIPA (Dkt. 6). The Court granted the motion and accepted his amended complaint. Dkt. 8.

In his amended complaint, plaintiff alleges that defendants have installed a new Lexis Nexis system at his facility. *Id*. at p. 2. He further alleges that this new system allows prisoners to access unpublished state law cases, thereby allowing them to uncover information about other prisoners' underlying convictions. *Id*. He alleges that he has received "numerous threats," specifically from two prisoners, who threatened to assault, rape, and/or kill him because of his underlying crimes. *Id*. at pp. 4-5. He also alleges that one of those prisoners actively encouraged other prisoners to harm plaintiff. *Id*. He states that he notified defendants that other inmates could use the new information for threats and blackmail, but alleges that defendants chose to do nothing. *Id*. at p. 4. He further alleges that defendants could have chosen a different, more restrictive legal research system, but continued to use Lexis Nexis despite the harm caused by providing access to unpublished cases. *Id*. at p. 5.

After defendants filed an answer (Dkt. 13) and the Court issued a pretrial scheduling order (Dkt. 14), defendants filed a motion for summary judgment (Dkt. 42) and a *Rand* notice to plaintiff (Dkt. 43). They argue that plaintiff has not shown an objectively, sufficiently serious threat of harm required to recover for a failure to protect claim. Dkt. 42. They also argue that

plaintiff has failed to show that defendants failed to protect him from any threat, thus failing to show the subjective, deliberately indifferent mindset of defendants. *Id*. They finally argue that they are otherwise both protected by qualified immunity. *Id*. Plaintiff filed a response (Dkt. 46) and defendants filed a reply (Dkt. 47).

Plaintiff is currently housed in protective custody. Dkt. 41-1 at p. 7. It is undisputed that, while incarcerated, plaintiff filed several grievances raising concerns about prisoners retrieving information on other prisoners' underlying convictions and using it for blackmail and other threats. *See* Dkt. 24-1 at pp. 1-12. It is also undisputed that defendants can find no record of plaintiff ever notifying defendants of specific instances where he was threatened because of the access to information on his underlying conviction. Dkt. 24 at p. 2.

**STANDARD OF REVIEW**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled to summary judgment if the evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment is appropriate, the court must consider whether particular facts are material and whether there is a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought. *Anderson*, 477 U.S. at 248. Factual disputes that do not affect the outcome of the suit under the governing law will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the non-moving party's case on

1 | which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and
2 | the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S.
3 | 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented
4 | through the prism of the substantive evidentiary burden"). However, when presented with a
5 | motion for summary judgment, the court shall review the pleadings and evidence in the light
6 | most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro
7 | se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.
8 | 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).
9 |     Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing
10 | the motion must do more than simply show that there is some metaphysical doubt as to the
11 | material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The
12 | opposing party cannot rest solely on his pleadings but must produce significant, probative
13 | evidence in the form of affidavits, and/or admissible discovery material that would allow a
14 | reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249-50. In other words, the
15 | purpose of summary judgment "is not to replace conclusory allegations of the complaint or
16 | answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497
17 | U.S. 871, 888 (1990). However, weighing of evidence and drawing legitimate inferences from
18 | facts are jury functions, and not the function of the court. *See United Steel Workers of America v.*
19 | *Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

## DISCUSSION

### I. Personal Participation of Defendant Warner

Defendants move to dismiss defendant Warner because plaintiff has failed to allege personal participation, and plaintiff does not object to his dismissal. Dkt. 46, p. 23. Therefore, the Court recommends that defendant Warner be dismissed.

### II. Deliberate Indifference to Plaintiff's Safety

Under the Eighth Amendment, "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Hearns v. Terhune,* 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). "The failure of prison officials to protect inmates from attack by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Id.* (quoting *Farmer,* 511 U.S. at 834). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835.

The Ninth Circuit has held that when an inmate alleged that he was labeled a "snitch" and approached by other inmates and threatened, the inmate had stated a claim of deliberate indifference. *See Valandingham v. Bojorquez,* 866 F.2d 1135, 1138-39 (9th Cir. 1989). However, a deliberate indifference claim can be rejected if other prisoners have not actually taken affirmative steps to harm the labeled inmate. *Morgan v. MacDonald,* 41 F.3d 1291, 1293–94 (9th Cir. 1994). An official is not required to "believe to a moral certainty that one inmate intends to

1  attack another" before he is obligated to act, but "he must have more than a mere suspicion that
2  an attack will occur." *Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir. 1986) (citation and internal
3  quotation marks omitted). The Ninth Circuit has reasoned that "speculative and generalized fears
4  of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious
5  harm." *Williams v. Wood,* 223 Fed. App'x 670, 671 (9th Cir. 2007).

6  Here, plaintiff alleges that he has "received numerous threats from other prisoners." Dkt.
7  8 at p. 4. He states specifically that inmate Keith Brian Colberg discovered his underlying
8  conviction from the new Lexis Nexis system and used that information to try and convince other
9  inmates to assault plaintiff, and a second inmate, now identified as inmate Derrick Vargas,
10 threatened plaintiff because "[plaintiff] is a rapist." *Id*. at p.5. However, even if this may
11 constitute an objectively, sufficiently serious threat, plaintiff has not shown that defendants knew
12 of and ignored that threat.

13 Plaintiff has alleged that defendants installed the Lexis Nexis system knowing it would
14 grant prisoners greater access to information on fellow prisoners' underlying crimes. Dkt. 8 at
15 pp. 5-6. He also alleges that he is in imminent danger because of the mere existence of the Lexis
16 Nexis system in the law library. *Id*. at p. 6. He finally alleges that defendants knew about this
17 because they are aware that prisoners will use information on other prisoners to blackmail or
18 intimidate them. *Id*. Essentially, plaintiff argues the very act of installing the system and
19 declining to remove it amounts to deliberate indifference.

20 However, plaintiff has not shown that defendants were aware of a threat to plaintiff and
21 chose to ignore it. Plaintiff did file grievances addressing the "threat" of having unpublished
22 cases available online. Dkt. 24-1 at pp. 1-12. He further inquired as to the purpose of having
23 unpublished cases when they are not binding precedent. *Id*. A non-party grievance coordinator
24

REPORT AND RECOMMENDATION - 6

1  noted that both published and unpublished cases are available in the law library and that

2  unpublished case law may be cited to the Ninth Circuit. *Id*. at p. 4. When defendant Gonzalez

3  reviewed the grievance on appeal, he believed it had been handled effectively. *Id*. at 12. In an

4  internal email, he noted that, even before the DOC provided internet access to inmates, prisoner

5  information was contained in the published case law available to all inmates. Dkt. 47-1 at p. 17.

6  Further, he reminded staff that, to mitigate inmate information being used improperly, any legal

7  documents containing prisoner information may not be removed from the law library. *Id*. at p.

8  18. Because defendants addressed plaintiff's concerns, even though plaintiff did not receive the

9  answer he wanted, defendants were not subjectively deliberately indifferent when they did not

10  grant plaintiff's request to either remove the Lexis Nexis system or have his name redacted.

11        Plaintiff further implies that, by allowing inmates access to his unpublished case, they are

12  purposefully labeling him a sex offender, thus putting him at greater risk for violence. *See*

13  *Valandingham*, 866 F.2d at 1138-39. However, plaintiff has provided nothing to support this

14  implication. This is not like the cases where prison officials purposefully gave derogatory labels

15  to prisoners with disregard for the risk it could cause. *See id*. (calling a prisoner a "snitch" in

16  front of other inmates). Here, plaintiff speculates that a curious fellow prisoner could

17  hypothetically discover his underlying crimes, thereby potentially labeling him a sex offender.

18  This is far from concretely placing a label on plaintiff, and the Court is not persuaded that it

19  constitutes deliberate indifference to plaintiff's safety.

20        Finally, insofar as plaintiff alleges deliberate indifference to the threats from inmates

21  Colberg and Vargas, defendants have stated, and plaintiff has not disputed, that the first

22  knowledge defendants had of those specific threats was from this lawsuit. Thus, because they

23  were not aware of it before, it cannot be said that they acted with deliberate indifference when

24

1  they did not react to it. Therefore, plaintiff has not shown defendants were deliberately

2  indifferent in violation of his Eighth Amendment protections, and the Court recommends

3  granting defendants' motion for summary judgment.

4  **III.    Qualified Immunity**

5  Defendants also argue that they enjoy qualified immunity for any alleged wrongdoing. In

6  determining whether an official is entitled to qualified immunity, a court must make the

7  following determination: "whether—resolving all disputes of fact and credibility in favor of the

8  party asserting the injury—the facts adduced at summary judgment show that the officer's

9  conduct violated a constitutional right," and, if the conduct did violate a constitutional right,

10  whether "the constitutional right was 'clearly established.'" *Kennedy v. City of Ridgefield,* 439

11  F.3d 1055, 1060 (9th Cir. 2006) (*citing Saucier v. Katz,* 533 U.S. 194 (2001)).

12  The second step of the qualified immunity analysis provides that defendants are entitled

13  to qualified immunity if their conduct "does not violate clearly established statutory or

14  constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,*

15  457 U.S. 800, 818 (1982). Plaintiff bears the burden of proving that the right allegedly violated

16  was clearly established at the time of the violation; if the plaintiff meets this burden, then the

17  defendant bears the burden of establishing that the defendant reasonably believed the alleged

18  conduct was lawful. *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Trevino v. Gates*,

19  99 F.3d 911, 916-17 (9th Cir. 1996); *Browning v. Vernon*, 44 F.3d 818, 822 (9th Cir. 1995);

20  *Neely v. Feinstein*, 50 F.3d 1502, 1509 (9th Cir. 1995), *overruled in part on other grounds by*

21  *L.W. v. Grubbs*, 92 F.3d 894 (9th Cir. 1996); *see also Clairmont v. Sound Mental Health*, 632

22  F.3d 1091, 1109 (9th Cir. 2011) ("The plaintiff bears the burden to show that the contours of the

23  right were clearly established."). A right is clearly established if its contours are "sufficiently

24

REPORT AND RECOMMENDATION - 8

1  clear that a reasonable official would understand that what he is doing violates that right."
2  *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1065 (9th Cir. 2006) (*quoting Hope v. Pelzer,* 536
3  U.S. 730, 739 (2002)).
4        Here, plaintiff alleges defendants are not entitled to qualified immunity because it is
5  clearly established law that a prison official cannot ignore an objectively, sufficiently serious
6  threat to a prisoner's safety. Dkt. 46 at 22. However, as noted above, the Court finds no such
7  threat here. Further, there is no clearly established law stating that providing prisoners with
8  additional access to legal materials, and in the process potentially providing access to prisoner
9  appeals and thereby information on underlying crimes, amounts to ignoring an objectively,
10 sufficiently serious threat. On the contrary, closing the law libraries or limiting prisoners' access
11 to legal materials as plaintiff requested would more likely violate clearly established federal law
12 than the allegations plaintiff raises. *See Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d
13 851, 858 (9th Cir. 1985) (stating that, though prisoner's are not guaranteed unlimited access to
14 the law library, the prison has an obligation to provide reasonable access to the law library). In
15 expanding the prison's access to legal materials, defendants did not violate a clearly established
16 right and are entitled to qualified immunity. Therefore, the Court recommends granting
17 defendants' motion for summary judgment

## CONCLUSION

19       For the reasons set forth above, the Court recommends that defendants' motion for
20 summary judgment (Dkt. 42) be granted and plaintiff's action be dismissed with prejudice.
21       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
22 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
23 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
24

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 13, 2018** as noted in the caption.

Dated this 20th day of June, 2018.

J. Richard Creatura
United States Magistrate Judge